No. 5993.

MRS. MARIE EMELIA THEZAN, WIFE OF E. DUMAS, ET AL. VS. JOSEPH
THEZAN, TESTAMENTARY EXECUTOR, ET AL.

This suit was instituted by a married woman authorized and assisted by her hus-
band. Citation of appeal was served on her. This was sufficient.

Joseph Thezan, one of the defendants, was cited individually and as testamentary
executor and as tutor. This was sufficient. There is no ground for a dismissal
of the appeal.

The plaintiff has instituted this suit against her brother individually, and also as
testamentary executor of their father, as administrator of the succession of
their mother, and as tutor of a minor heir.

Third persons, creditors of the succession of Sidney Thezan, deceased, have ap-
pealed from a judgment declaring certain property to belong to the community
which existed between said Thezan and his predeceased wife, recognizing the
parties to this suit (two of full age and one a minor) to be the sole legitimate
heirs of their mother, maintaining her in the possession and ownership of her
share of said community, ordering the defendant, as testamentary executor of
his father, to account to them for the revenues of said share, and condemning
him in said capacity to pay to them (said heirs) a certain sum of money, with
interest and mortgage and privilege for the restitution of the paraphernal funds
of the said mother.

The appellants, having become creditors of the husband after the dissolution of the
community by the death of the wife, have no claim upon the share of the wife,
but have an interest in seeing that the property of the husband, their debtor, is
made available for their debts against it. Any proceedings between the parties
to this suit, touching the property of the wife only, can have no effect upon the
rights of said creditors upon the property of the husband. As to them these parties
have the right to demand and obtain possession of their mother's property, but
they, the creditors, can properly contest any claim that the heirs of the mother
may urge upon the property of their father, and, although the judgment in this
case may not be conclusive against them, they have a right to have it revised so
far as it may, in their opinion, prejudice them.

If the property described in the petition of plaintiff belonged to the community,
the husband as usufructuary was entitled to the revenues, and consequently
there is error in making the testamentary executor account to the heirs for the
same. As to what property constituted the community, this court has before it
the inventory, which must be taken as sufficient for the purposes of this suit be-
tween the heirs. The appellants have the right to show in the succession of their
debtor what property belongs to it; and, as to the paraphernal rights allowed
in the judgment appealed from, this court does not think the evidence sufficient,
it not appearing in the record that the wife's claim, if proved, was properly re-
corded.

APPEAL from the Second District Court, parish of Orleans. *Tissot*,
J. *A. Brieugne*, for executor and appellee. *J. Duvigneaud*, for heirs
and appellees. *Charvet & Duplantier, Hornor & Benedict*, and *Charles
Louque*, for third parties, appellants.

ON MOTION TO DISMISS.

MORGAN, J. Appellees move to dismiss this appeal on the grounds —

First—That appellants show no interest which entitles them to an ap-
peal.

Second—That the proper parties have not been cited.

First—Two of the appellants are judgment creditors of the succession

of S. Thezan, represented by Joseph Thezan, the defendant, and the other two have filed in this court their affidavits showing that they claim to be creditors of the succession. The judgments appear in the record by virtue of a writ of *certiorari*.

Second—The suit was instituted by a married woman authorized and assisted by her husband. Citation of appeal was served on her. This was sufficient. 26 An. 541.

Joseph Thezan was cited individually and as testamentary executor and tutor. This was sufficient.

Motion denied.

## ON THE MERITS.

HOWELL, J. Third persons, creditors of the succession of Sidney Thezan, deceased, have appealed from a judgment herein declaring certain property to belong to the community which existed between said Thezan and his predeceased wife; recognizing the parties to this suit (two of full age and one a minor) to be the sole legitimate heirs of their mother, maintaining them in the possession and ownership of her share of said community; ordering the defendant, as testamentary executor of his father, to account to them for the moneys of said share, and condemning him, in said capacity, to pay to those said heirs $3223 66, with interest, and mortgage and privilege for the restitution of the paraphernal funds of their said mother.

The facts are: Sidney Thezan and Roselia Deslonde were married in 1850, having entered into a marriage contract establishing a community, specifying the property of the spouses, and regulating their marital rights. The wife died in 1868, leaving three children, issue of said marriage. In 1874 the husband died, leaving a will appointing his son, of age, the defendant herein, his executor. This son, after qualifying as executor, obtained letters of administration on his mother's estate, and caused inventories to be made of each succession. He was, also, appointed tutor of the minor, the other heir, the plaintiff, having married. These two major heirs renounced the succession of their father. The plaintiff then instituted this suit against her brother, individually, as testamentary executor of their father, administrator of the succession of their mother, and tutor of the minor, claiming what was granted in the judgment appealed from.

The creditors urge that although the defendant was cited in his quadruple capacity, he appeared only as testamentary executor; that the plaintiff was without right or authority to ask for judgment against her brother for herself, the minor, and her said brother; that the claim for revenues is unfounded in law, and that the evidence does not support the several demands.

The appellants having become creditors of the husband after the dissolution of the community by the death of the wife, have no claim upon the share of the wife, but have an interest in seeing that the property of the husband, their debtor, is made available for their debts against it. Any proceedings between the parties to this suit touching the property of the wife only can have no effect upon the rights of said creditors upon the property of the husband. As to those, these parties have the right to demand and obtain possession of their mother's property, but they, the creditors, can properly contest any claim that the heirs of the mother may urge upon the property of their father, and although the judgment in this case may not be conclusive against them, they have a right to have it revised so far as it may in their opinion prejudice them, and we agree with them that if the property described in the petition of plaintiff belonged to the community, the husband, as usufructuary, was entitled to the revenues, and that consequently there is error in making the testamentary executor account to the heirs for the same. As to what property constituted the community, we have the inventory, which must be taken as sufficient for the purposes of this suit between the heirs. The appellants have the right to show, in the succession of their debtor, what property belongs to it. And as to the paraphernal rights allowed in the judgment appealed from, we do not think the evidence sufficient, it not appearing in the record that the wife's claim, if proven, was properly recorded.

It is therefore ordered that, as to the appellants, so much of the judgment appealed from as orders the testamentary executor to account to the heirs for the revenues of the share of Mrs. Roselia Thezan in the community, and gives a mortgage and privilege for $3223 66 as paraphernal funds, be reversed. It is further ordered that all of appellants' rights as creditors of Sidney Thezan, be reserved to be urged in due course of the administration of the succession. Costs of appeal to be paid by appellees.